Slip Op. 11–76

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NSK LTD.,** *et al.*,<br><br>Plaintiffs, and<br><br>**JTEKT CORPORATION and KOYO CORPORATION OF U.S.A.,**<br><br>Plaintiff-intervenors,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant, and<br><br>**THE TIMKEN COMPANY.**<br><br>Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 10-00288** |

## OPINION AND ORDER

[Denying defendant's motion to dismiss for failure to state a claim upon which relief can be granted]

Dated: July 5, 2011

*Crowell & Moring, LLP* (*Matthew P. Jaffe*, *Alexander H. Schaefer*, and *Robert A. Lipstein*) for plaintiffs.

*Sidley Austin, LLP* (*Neil R. Ellis*, *Jill Caiazzo*, *Rajib Pal*, and *Lawrence R. Walders*) for plaintiff-intervenors.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: Plaintiffs NSK Ltd., NSK Corporation, and NSK Precision America, Inc.

(collectively, "NSK" or "plaintiffs") brought this action to contest a final determination of the

United States Department of Commerce ("Commerce" or the "Department"), published as *Ball*

*Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final*

*Results of Antidumping Duty Administrative Reviews, Final Results of Changed-Circumstances*

*Review, & Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("Final Results").

Plaintiffs bring a single claim challenging as unlawful the use of the Department's "zeroing"

methodology to calculate a weighted-average dumping margin for NSK Ltd., under which U.S.

sales of ball bearings and parts thereof from Japan ("subject merchandise") at prices above

normal value are deemed to have individual dumping margins of zero rather than negative

margins.  Compl. ¶¶ 5, 10-13.

Before the court is the motion of defendant United States to dismiss the complaint for

failure to state a claim upon which relief can be granted.  Def.'s Mot. to Dismiss ("Def.'s Mot.");

USCIT R. 12(b)(5).  The court denies this motion, concluding that the complaint contains

allegations sufficient to state a plausible claim for relief.

## I. Background

The background of this litigation is presented in the court's opinion and order in *NSK Ltd.*

*v. United States*, 34 CIT __, Slip Op. 10-117, at 3-4, (Oct. 15, 2010), and is further supplemented

herein.

Plaintiffs commenced this action by filing their complaint and application for a

preliminary injunction on September 23, 2010.  Compl.; Mot. for Prelim. Inj.  Plaintiffs' motion

for a preliminary injunction was opposed by defendant and defendant-intervenor, The Timken

Company.  Def.'s Opp'n to Pls.' Mot. for a Prelim. Inj.; The Timken Co.'s Opp'n to the Mot. of

NSK for a Prelim. Inj.  On October 15, 2010, the court denied plaintiffs' request for an injunction

based on its conclusion that plaintiffs' claim lacked any likelihood of success on the merits.  *NSK*

*Ltd.*, 34 CIT at __, Slip Op. 10-117, at 11.

On November 1, 2010, defendant filed the instant motion to dismiss.  Def.'s Mot.  NSK

responded to defendant's motion to dismiss on December 6, 2010.  NSK's Resp. to Def.'s Mot.

to Dismiss ("NSK Resp.").  On December 21, 2010, defendant filed its reply in support of its

motion to dismiss.  Def.'s Reply in Supp. of Mot. to Dismiss.  On April 15, 2011, plaintiffs filed

supplemental authority regarding this matter with the court, citing *Dongbu Steel Co. v. United*

*States*, 635 F.3d 1363 (Fed. Cir. 2011).  On June 23, 2011, defendant filed its response to

plaintiffs' notice of supplemental authority.  Def.'s Resp. to Notice of Supplemental Authority.

## II. DISCUSSION

The court is granted subject matter jurisdiction by section 201 of the Customs Courts Act

of 1980 to adjudicate plaintiffs' claim contesting the Final Results.  28 U.S.C. § 1581(c) (2006).

In deciding a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim upon

which relief can be granted, the court assumes all factual allegations to be true and draws all

reasonable inferences in a plaintiff's favor.  *See Gould, Inc. v. United States*, 935 F.2d 1271,

1274 (Fed. Cir. 1991) (setting forth the standard under which the court evaluates a motion for

failure to state a claim upon which relief can be granted).

As required by USCIT Rule 8(a)(2), a complaint shall contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."  USCIT Rule 8(a)(2).

Rule 8(a)(2) requires "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations omitted).  Although a complaint need not contain detailed factual allegations, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on

the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."

*Id.* (citations omitted).

NSK alleges that Commerce applied its "zeroing" methodology in the administrative

reviews, under which it assigned to U.S. sales made above normal value a dumping margin of

zero, instead of a negative margin, when calculating weighted-average dumping margins.[1]

Compl. ¶¶ 10-13.  NSK challenges the use of this zeroing methodology in the subject review,

arguing that use of the zeroing methodology in an administrative review violates the U.S.

antidumping laws and is inconsistent with international obligations of the United States.  *Id.*

¶¶ 11-13.

In support of its motion to dismiss, defendant argues that "NSK's claim against

Commerce's methodology is foreclosed by well-established and binding precedent."  Def.'s

Mot. 3; *see, e.g.*, *Koyo Seiko Co. v. United States*, 551 F.3d 1286 (Fed. Cir. 2008).  Defendant

also relies on the court's prior order in this action denying plaintiffs' motion for an injunction

---

[1] To calculate a weighted-average dumping margin in an administrative review, the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") first determines two values for each entry of subject merchandise falling within the period of review: the normal value and the export price ("EP") (or the constructed export price ("CEP") if the EP cannot be determined).  Tariff Act of 1930, § 751(a), 19 U.S.C. § 1675(a)(2)(A)(i) (2006).  Commerce then determines a margin for each entry by taking the amount by which the normal value exceeds the EP or CEP.  *Id.* §§ 1675(a)(2)(A)(ii), 1677(35)(A).  If normal value does not exceed EP or CEP, Commerce assigns a value of zero, not a negative value, to the entry when applying its zeroing methodology.  Finally, Commerce aggregates these values to calculate a weighted-average dumping margin.  *Id.* § 1677(35)(B).

against liquidation of its entries of subject merchandise upon finding that plaintiffs had shown no

likelihood of success on the merits.  Def.'s Mot. 3; *NSK Ltd.*, 34 CIT at __, Slip Op. 10-117,

at 7-10.

      The court denies defendant's motion to dismiss.  Previously, the United States Court of

Appeals for the Federal Circuit ("Court of Appeals") had upheld the Department's use of zeroing

in administrative reviews.  *SKF USA Inc. v. United States*, 630 F.3d 1365, 1375 (Fed. Cir. 2011);

*Koyo Seiko Co.*, 551 F.3d at 1290-91; *NSK Ltd. v. United States*, 510 F.3d 1375, 1379-80 (Fed.

Cir. 2007).  However, drawing factual distinctions with prior holdings, the Court of Appeals now

has held in two cases that the final results of an administrative review in which zeroing was used

must be remanded to direct Commerce to explain its interpreting the language of 19 U.S.C.

§ 1677(35) inconsistently with respect to the use of zeroing in investigations and the use of

zeroing in administrative reviews.  *JTEKT Corp. v. United States,* Court No. 2010-1516, 2011

WL 2557640, at *5-6 (Fed. Cir., June 29, 2011); *Dongbu Steel Co.*, 635 F.3d at 1371-73.[2]

Basing its holdings on the lack of a satisfactory explanation for the differing interpretations, the

Court of Appeals in *JTEKT* and *Dongbu* held that the judgments of the Court of International

Trade affirming the use of zeroing in the administrative review at issue in those cases must be set

aside.  In *Dongbu*, the Court of Appeals reasoned that "[a]lthough 19 U.S.C. § 1677(35) is

ambiguous with respect to zeroing and Commerce plays an important role in resolving this gap in

the statute, Commerce's discretion is not absolute" and concluded that "Commerce must provide

---

[2] *JTEKT Corp. v. United States,* Court No. 2010-1516, 2011 WL 2557640 (Fed. Cir., June 29, 2011) was issued after plaintiffs filed supplemental authority regarding this matter to the court on April 15, 2011 and defendant filed its response to plaintiffs' notice of supplemental authority on June 23, 2011.

an explanation for why the statutory language supports its inconsistent interpretation." *Dongbu*, 635 F.3d at 1372.  In *JTEKT*, the Court of Appeals directed that "[i]n order to satisfy the requirement set out in *Dongbu*, Commerce must explain why these (or other) differences between the two phases [administrative reviews and investigations] make it reasonable to continue zeroing in one phase, but not the other." *JTEKT*, Court No. 2010-1516, 2011 WL 2557640, at *6.

      The court concludes that NSK's allegations make out a plausible claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The Court of Appeals in, *JTEKT* and *Dongbu*, has directed Commerce to provide further explanation regarding the zeroing issue, which is the subject of plantiffs' sole claim in this case.  NSK alleges that Commerce used zeroing in the subject administrative review, Compl. ¶ 10, and Commerce's use of zeroing in an administrative review may be unlawful if it rests on an inconsistent interpretation of § 1677(35) and is not supported by an adequate explanation.  *See JTEKT*, Court No. 2010-1516, 2011 WL 2557640, at *5-6; *Dongbu*, 635 F.3d at 1371-73.  Dismissal at this stage, therefore, would not be appropriate, and the court must deny defendant's motion to dismiss.

### III. CONCLUSION

      Therefore, upon consideration of all submissions in this action, it is hereby

      **ORDERED** that defendant's motion to dismiss the complaint be, and hereby is, DENIED; and it is further

**Court No. 10-00288**                                                                **Page 7**

     **ORDERED** that plaintiffs and plaintiff-intervenors shall file their USCIT Rule 56.2 motions for judgment on the agency record within sixty (60) days from the date on which this order is entered; that defendant and defendant-intervenor shall file responsive briefs within sixty (60) days from the date of service of the plaintiffs' USCIT Rule 56.2 motion; and that plaintiffs and plaintiff-intervenors shall file their reply briefs within thirty (30) days from the date of service of the responsive briefs.

                                               /s/ Timothy C. Stanceu
                                               Timothy C. Stanceu
                                               Judge

Dated: July 5, 2011
      New York, New York